

RECEIVED
Mail Room
APR - 9 2019
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

QUINN EMANUEL URQUHART & SULLIVAN

    Claimant,

vs.

NGOZIKA J. NWANERI, M.D.,

    Respondent.

Case No. _____

[formerly Superior Court of the District of Columbia Civil Division – Case No. 2018-CA-003686 B]

Case: 1:19−cv−00990
Assigned To : Chutkan, Tanya S.
Assign. Date : 4/8/2019
Description: Pro Se General (F−DECK)

### NOTICE OF REMOVAL

    The above-referenced action is pending in the Superior Court for the District of Columbia. Claimant Quinn Emanuel Urquhart & Sullivan, a 700-attorney law firm, seeks to confirm an arbitration award procured in fraud and retaliation against Respondent Ngozika J. Nwaneri, a *pro se* 70-year old individual former client, in violation of federal and state laws including the Federal Arbitration Act and the D.C. Revised Uniform Arbitration Act, and the professional rules of ethics in several states.

### STATEMENT OF THE CASE

    This arbitration and motion to confirm is a continuation of Quinn Emanuel's ongoing campaign of harassment and retaliation against me while also harming my daughter-in-law Crystal Nwaneri, a former employee of the law firm. In 2016, just days after Ms. Nwaneri made internal EEO complaints about employment discrimination against the law firm, Quinn Emanuel dropped me as a client and withdrew from my representation under the guise of a $30,000 fee dispute. The law firm, which grosses more than $1.6 billion in yearly revenue, claimed that I had not made "prompt" payments (despite that the law firm had accepted $25,000 in payments from me without complaint in the 5 months just before the law firm's motion for withdrawal, including a payment of almost $5,500 days before the withdrawal notice), and claimed that the

1

$30,000 bills were accurate even though they were inflated by over 33% (in violation of the clear terms of my engagement agreement with Quinn Emanuel). In sum, Quinn Emanuel had received over $48,000 from me. When I pointed out these obvious errors and asked Quinn Emanuel to correct the bills, Quinn Emanuel refused to correct the bills, and refused to accept payment from me, including on the record in open court as ordered by the judge, at the hearing on the law firm's motion to withdraw. The judge granted Quinn Emanuel's motion to withdrawal, not because of the payment dispute but because of irreconcilable differences. The law firm's misconduct was so bad that it warranted bar complaints against the attorneys involved in the wrongful withdrawal and resulted in at least one of the attorneys—former managing partner of the D.C. office—being dismissed from the firm. Based on Quinn Emanuel's lies, the court granted Quinn Emanuel's motion to withdraw based on the inflated $30,000 bills, and I did not hear from Quinn Emanuel for nearly a year. Quinn Emanuel also maliciously broke client confidentiality by needlessly publishing my attorney-client Engagement Agreement and sending a full, unredacted copy to my adversaries, including the defendant and potential litigation target named in the agreement.

Until 2017, just 3 weeks after Ms. Nwaneri filed an employment discrimination charge against Quinn Emanuel with the EEOC and after an 8-month period of radio silence from Quinn Emanuel after their 2016 withdrawal, the law firm suddenly dragged me into arbitration for approximately $20,000 (approximately 33% less than the $30,000 bills the law firm used as their basis to withdraw from the case), despite never billing me for that amount before the arbitration lawsuit and ignoring my plea that the arbitration was unnecessary. Like the inflated $30,000 bills, the entire arbitration was a sham and Quinn Emanuel violated every part of the federal and state laws that govern binding arbitration, including hiring the chief arbitrating judge and discovery decision maker for a new arbitration while Quinn Emanuel's $20,000 dispute against me was pending (and in the middle of contentious discovery), and abusing the arbitration process to harass and intimidate Ms. Nwaneri and I, including the law firm's admitted use of "private investigators" to stalk Ms. Nwaneri and I, and the law firm's insistence on subpoenaing Ms. Nwaneri for a non-party deposition that was unnecessary for Quinn Emanuel's $20,000 claims (which originated after Ms. Nwaneri's departure from the law firm). Ultimately, Quinn Emanuel claimed billable hours of almost $500,000 but asked for $275,000 in attorney's fees in connection with its $20,000 arbitration against me and was granted $50,000 by the arbitration

panel (led by the compromised JAMS arbitration chief judge), resulting in an arbitration award of over $100,000, 80% of which was attorney's fees and arbitration costs, none of which should be attributable to me under the Federal Arbitration Act, or as a "consumer" in a pre-dispute "consumer arbitration agreement" under the D.C. Revised Uniform Arbitration Act. I filed a timely motion appealing the Final Award to JAMS pursuant to rule § 16-4420, § 16-4424, § 16-4423 on February 5, 2018.

The federal court has jurisdiction because: (1) the case arises under federal law (including the Federal Arbitration Act), which the state court has neglected to apply, 28 U.S.C. § 1331; (2) there is diversity jurisdiction (i.e., the amount in controversy exceeds $75,000 and there is complete diversity between the Respondent and the Claimant Quinn Emanuel, which is headquartered in California and has a large office in the District of Columbia, where the attorneys assigned to my case worked), 28 U.S.C. § 1332; and (3) Quinn Emanuel seeks (and was prematurely granted, per the state court's March 7, 2019 order) $50,000 in additional attorney fees for Quinn Emanuel's motion to confirm the unconscionable arbitration award, bringing the grand total of Quinn Emanuel's unconscionable arbitration against an elderly individual former client to over $160,000, an amount which implicates my property interests outside of the District of Columbia and potentially the United States.[1]

---

[1] This case should be removed to federal court because it falls under the Federal Arbitration Act Convention, see §§ 203, 204, and 205. The FAA is the controlling law and states that district courts have original jurisdiction over agreements falling under the Convention, including this matter because Quinn Emanuel's attempts to extort me for an extra $50,000 in attorney's fees (for its motion to confirm now "involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." See § 205. Removal of cases from State courts ("Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.")
I also notes that jurisdiction in the state court is improper because I does not own property in the District of Columbia.

## CONCLUSION

Accordingly, I request the removal of this case to the United States District Court for the District of Columbia, which is the division in which the state action is pending. 28 U.S.C. § 1446(a).

DATED: April 08, 2019                    Respectfully submitted,

                                         By:   /s/ *Ngozika J. Nwaneri*
                                               Pro Se Plaintiff

4



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN,<br><br>Claimant,<br><br>vs.<br><br>NGOZIKA J. NWANERI, M.D.,<br><br>Respondent. | Case No. _____<br><br>[DC Superior Court – Case No. 2018-CA-003686 B] |

### CERTIFICATE OF SERVICE

I hereby certify that on the 08th day of April, 2019, I served one copy of the foregoing Notice of Removal by U.S. mail on:

Keith Forst
Florentina Dragalescu Field
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street NW, Floor 9
Washington, DC 20005

DATED: April 08, 2019

Respectfully submitted,

By:   /s/ *Ngozika J. Nwaneri*
        Pro Se Plaintiff